UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-611-JAK |
|---|---|
| Plaintiff, | ORDER VACATING CONVICTION AND DISMISSING THE INFORMATION AS AGAINST DEFENDANT PEDRO RIZO VERA |
| v. | |
| PEDRO RIZO VERA, | |
| Defendant. | |

The Court has read and considered the parties' Joint Motion to Remove the Case from the Ninth Circuit Court of Appeals' Oral Argument Calendar and for Vacatur and Remand (C.A. No. 14-50348, Dkt. No. 28) in this matter, and attached hereto as Exhibit A.

The Court HEREBY FINDS that the Motion, which this Court incorporates by reference into this Order, demonstrates facts that support a vacatur of defendant's conviction and dismissal of the Information in the interests of justice. Pursuant to the mandate issued by the Ninth Circuit Court of Appeals in this matter (C.A. No. 14-50348, Dkt. No. 29), this Court hereby vacates defendant's

//

//

1

conviction and dismisses the Information against him.

IT IS SO ORDERED.

July 10, 2015
DATE

HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Release Order: 18063

**EXHIBIT A**

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | C.A. No. 14-50348 |
| ) | D.C. Nos. CR 13-611-JAK |
| Plaintiff-Appellee, ) | (Central Dist. Cal.) |
| ) | |
| v. ) | **JOINT MOTION TO REMOVE** |
| ) | **CASE FROM ORAL** |
| PEDRO RIZO VERA, ) | **ARGUMENT CALENDAR AND** |
| ) | **FOR VACATUR AND** |
| Defendant-Appellant. ) | **REMAND** |
| ) | |
| ) | **(Cal. PAS Courtroom 3** |
| ) | **—July 8, 2015)** |

Plaintiff-appellee United States of America, by and through its counsel of record, Assistant United States Attorney Jean-Claude André, and defendant-appellant Pedro Rizo Vera ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Ashwini Mate, hereby jointly move this Court to remove this case from the Court's July 8, 2015, oral argument calendar and for an order (1) vacating the district court's order denying defendant's motion to dismiss the information and (2) remanding with instructions to dismiss it.

This motion is made pursuant to Federal Rule of Appellate Procedure 27 and is based on the attached memorandum of points and

authorities, the files and records of this case, and any further information this Court may request.

DATED: July 6, 2015            Respectfully submitted,

                                             EILEEN M. DECKER
                                             United States Attorney

                                             ROBERT E. DUGDALE
                                             Assistant United States Attorney
                                             Chief, Criminal Division

                                             */s/ Jean-Claude André*

                                             JEAN-CLAUDE ANDRÉ
                                             Assistant United States Attorney
                                             Chief, Criminal Appeals Section

                                             Attorneys for Plaintiff-Appellee
                                             UNITED STATES OF AMERICA


DATED: July 6, 2015            */s/ Ashwini Mate*

                                             ASHWINI MATE
                                             Deputy Federal Public Defender

                                             Attorneys for Defendant-Appellant
                                             PEDRO RIZO VERA

Case 2:13-cr-00641-ODW, Document 65, Filed 07/10/15, Page 5 of 13 Page ID #:582

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant-appellant Pedro Rizo Vera ("defendant") appeals the district court's March 24, 2014, denial of his motion to dismiss the government's information charging him with illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). As the district court correctly noted in its order, the "primary dispute" between the parties was whether defendant's 2004 conviction under California Health & Safety Code § 11379(a) constituted an aggravated felony. Although the parties have debated in their briefs whether § 11379(a) is a divisible statute, the parties agree that, assuming § 11379(a) is divisible, intervening precedent from this Court establishes that the state-court record of defendant's 2004 conviction is insufficient to narrow that conviction to a generic drug-trafficking aggravated felony. Accordingly, the parties further agree that the appropriate resolution of this appeal is for this Court to vacate the district court's order denying defendant's motion to dismiss and to remand with instructions to dismiss the information. Because oral argument is, in the parties' view, thus unnecessary, the parties also request that this Court remove this case from the Court's July 8, 2015, oral argument calendar.

\* \* \*

On August 28, 2013, defendant was charged in a single-count information with unlawful reentry following deportation, in violation of

8 U.S.C. § 1326(a). (CR 10, ER 10-12.)[1] On February 20, 2014, defendant moved to dismiss the information, claiming that his 2004 conviction under California Health & Safety Code § 11379(a) was not an aggravated felony and that the immigration judge who ordered him removed in 2007 on the basis of that conviction, therefore, erroneously determined that defendant was ineligible for voluntary departure. (CR 24, ER 3-27.) Defendant conceded that, if his 2004 conviction was an aggravated felony, then the immigration judge committed no error in determining that he was ineligible for voluntary departure. (ER 31; *see also* CR 34, ER 143.) For its part, the government similarly conceded that if defendant's 2004 conviction was not an aggravated felony, then defendant would have had a plausible claim for voluntary departure of which the immigration judge should have advised him. (CR 26, ER 111; *see also* ER 143.) Thus, as the district court noted, "the primary dispute between the parties [wa]s whether the 2004 conviction constituted an aggravated felony." (ER 143.)

In resolving that dispute, the district court first held that § 11379(a) was divisible both with respect to the conduct it prohibits (transportation, sale, furnishing, administering, or giving away) and

---

[1] "CR" refers to the Clerk's Record and is followed by the applicable document control number. "GAB" refers to the government's answering brief, "ARB" to defendant's reply brief, and "ER" to defendant's Excerpts of Record; each is followed by the applicable page references.

2

with respect to the controlled substance involved, such that the modified categorical approach could properly be applied to defendant's 2004 conviction. (ER 146.) Analyzing the state-court charging document underlying that conviction, the district court next held that the count of the felony complaint to which defendant pleaded *nolo contendere* alleged that he committed "the crime of SALE OF A CONTROLLED SUBSTANCE . . . to wit, methamphetamine"; that the count's subsequent listing of "the alternative forms of proscribed conduct in the conjunctive" did not overcome "the first clause, written in all capital letters," which "expressly states" that "the conduct" that he committed "was 'sale'"; and that "[t]his conclusion is further supported" by a separate dismissed count that alleged "TRANSPORTATION OF A CONTROLLED SUBSTANCE . . . methamphetamine." (ER 147.) Finally, analyzing the conviction and plea records underlying defendant's 2004 conviction, the district court held that "[t]he Minute Order issued with respect to the Change of Plea Hearing states that Defendant was convicted of Count One . . . , [which] expressly states that Defendant was convicted of sale of methamphetamine" and that the police reports to which his counsel stipulated as providing the factual basis for his plea to that count "unequivocally establish that Defendant necessarily was convicted of the sale of methamphetamine." (ER 147, 150.) Accordingly, the district court concluded that defendant's 2004 conviction was an aggravated felony, that he was not

3

eligible for voluntary departure, that the deportation orders underlying his criminal charge in this case therefore were valid, and that his motion to dismiss had to be denied. (ER 150.)

Following that denial, defendant pleaded guilty to the government's single-count information, pursuant to a Federal Rule of Criminal Procedure 11(a)(2) conditional plea agreement, in which he reserved the right to appeal the district court's denial of his motion to dismiss. (CR 38, ER 209.) This appeal followed.

\* \* \* \*

Although the parties have debated in their briefs whether § 11379(a) is a divisible statute, the parties now agree that, assuming § 11379(a) is divisible, intervening controlling precedent from this Court establishes that the state-court record of defendant's 2004 conviction is insufficient to narrow that conviction to a generic drug-trafficking aggravated felony and that the district court erred in concluding otherwise.

First, in concluding that the count of the felony complaint to which defendant pleaded *nolo contendere* established that "the conduct" with which defendant was charged "was 'sale'" of methamphetamine, the district court held that the count's listing of "the alternative forms of proscribed conduct in the conjunctive" did not overcome "the first clause, written in all capital letters," which "expressly states" that defendant committed "the crime of SALE OF A CONTROLLED

4

SUBSTANCE . . . to wit, methamphetamine." (ER 147.) The parties agree that this was error because, as defendant argued in his reply brief, that count alleges "every means by which a defendant could have committed this offense," regardless if "SALE" was capitalized. (ARB 6.)

Second, the district court concluded that its reading of the count to which defendant pleaded was "further supported" by a separate dismissed count that alleged "TRANSPORTATION OF A CONTROLLED SUBSTANCE . . . methamphetamine." (ER 147.) The parties agree that the district court reasonably inferred that, by charging transportation of methamphetamine separately, the count to which defendant pleaded was likely intended to separately charge sale of methamphetamine. Nonetheless, the parties also agree that this Court's case law does not allow the drawing of such inferences from dismissed counts. *See, e.g., Alvarado v. Holder*, 759 F.3d 1121, 1131 (9th Cir. 2014) (holding that the inference that a plea to a modified count specifying no drug arose from conduct underlying dismissed count specifying methamphetamine "is not sufficient"); *Cisneros-Perez v. Gonzales*, 465 F.3d 386, 393 (9th Cir. 2006) (holding that the inference that a plea to battery on an unnamed person arose from conduct underlying dismissed counts specifying domestic battery on the petitioner's wife "is insufficient").

Because the parties agree that neither the count to which defendant pleaded nor the dismissed counts properly narrowed

5

defendant's § 11379(a) charge to a generic drug-trafficking aggravated felony, the parties further agree that the only way that defendant's § 11379(a) conviction could be so narrowed is if the conviction and plea records underlying defendant's 2004 conviction did so.[2] The parties agree that, in light of intervening controlling precedent from this Court, the conviction and plea records do not.

In its answering brief, the government relied—as the district court had in its order—on the police reports to which defendant's counsel stipulated as providing a factual basis for defendant's *nolo contendere* plea to establish that the conduct underlying the plea involved the "hand-to-hand sale of narcotics in exchange for financial remuneration." (GAB 37.) After the conclusion of briefing in this case, this Court decided *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1100-01 & n.6 (9th Cir. 2015), which held, among other things, that narrowing factual-basis statements by defense counsel may be considered under the modified categorical approach only if the defendant "personally assented" to them. Because defendant did not "personally assent" to his counsel's stipulation that the police reports provided a sufficient factual basis for defendant's plea here, the parties agree that *Sahagun-Gallegos* establishes that the district court erred in relying on them.

---

[2] The government withdraws its contrary argument in its answering brief. (*See* GAB 30-32.)

6

\* \* \* \* \*

For the foregoing reasons, the parties respectfully request that this Court remove this case from the Court's July 8, 2015, oral argument calendar and issue an order (1) vacating the district court's order denying defendant's motion to dismiss the information and (2) remanding with instructions to dismiss it.

DATED: July 6, 2015                         Respectfully submitted,

                                                      EILEEN M. DECKER
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

*/s/ Jean-Claude André*

JEAN-CLAUDE ANDRÉ
Assistant United States Attorney
Chief, Criminal Appeals Section

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA


DATED: July 6, 2015                         */s/ Ashwini Mate*

ASHWINI MATE
Deputy Federal Public Defender

Attorneys for Defendant-Appellant
PEDRO RIZO VERA

7

9th Circuit Case Number(s): 14-50348

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) July 6, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format): /s/ JEAN-CLAUDE ANDRE

*********************************************************************************

## CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format):